IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMEKA CHANDLER,<br><br>               Plaintiff,<br><br>     vs.<br><br>STATE OF NEBRASKA,  US<br>GOVERNMENT, and  FMCSA,<br><br>               Defendants. | **8:25CV605**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Tameka Chandler's Complaint. Filing No. 1.  Plaintiff has been granted leave to proceed in forma pauperis, Filing No. 5.  The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## II.  SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska, the United States, and the FMCSA.  Filing No. 1 at 2.  Plaintiff seeks $25,000,000.00 for "[i]nvasion of privacy, ignoring Amendments, breaking oaths to [p]rotect and [s]erve, malicious intent, [i]solating, mental anguish, mental threats, retaliation behaviors."  Filing No. 1 at 5.  Copied in its entirety from her Complaint, Plaintiff alleges:

> Denied employment, housing, having my grandchildren taking from the Department of Health and Human services due to not having information they wanted. State agencies have taken my life and used it as a pawn. keeping me in a state of poverty with situations that I have no knowledge of. Never have I been asked permission or given information on any issues. I have been a hostage/prisoner with no monetary compensation and left without adequate healthcare or basic needs met. I have suffered slander, cruel treatment and no care for my human life or any life around. A serious abuse of power is taking place. not only is it harmful to me but it has affected "WE THE PEOPLE". There is a genocide taking place.

Filing No. 1 at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However,

2

even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF COMPLAINT

Plaintiff seeks relief under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint lacks sufficient support to give notice of any claim. The Court reaches this conclusion keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's complaint does not describe the circumstances—the what, where, when, and how—of any incidents, inactions, or actions by Defendants that caused the harm described in her Complaint. Without these factual allegations, Plaintiff has failed to state a claim for relief. Because Plaintiff's allegations are difficult to discern and are without a factual or legal basis, this action is subject to dismissal on initial review. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). However, rather than dismissing the claim at this time, Plaintiff will be granted leave to file an amended complaint.

## V. CONCLUSION

Plaintiff's Complaint does not allege sufficient facts to state a plausible claim. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the court dismissing this case without further notice to Plaintiff. In her amended complaint, Plaintiff must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to

explain in her amended complaint what each Defendant did to her, when each Defendant did it, and how each Defendant's actions harmed her.  Plaintiff should also be mindful to explain the relief she is seeking and to state the constitutional and jurisdictional basis for her claims.

2.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3.     The Court reserves the right to conduct further review of Plaintiff's claim pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

**4.**     The Clerk of Court is directed to set a pro se case management deadline using the following text: **July 29, 2026**: check for amended complaint.

5.     Plaintiff shall keep the Court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

Dated this 29th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge